UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY CRUTCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>UNKNOWN,<br><br>Defendants. | No. 2:20-cv-2158 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner at High Desert State Prison (HDSP), has filed a document seeking emergency injunctive relief "to be transferred to a prison[] . . . with [an] EOP [Enhanced Outpatient Program]." ECF No. 1 at 1. More specifically, plaintiff requests transfer to California State Prison Los Angeles County or R.J. Donovan Correction Facility. Id. Plaintiff states that he is 60 years old and a former EOP participant. He explains that he was attacked and seriously injured by other prisoners in May and June 2020 while housed in Kern Valley State Prison (KVSP). Plaintiff alleges that those prisoners are members of the STG Northern Rider gang who have now instructed other members of their gang housed at HDSP to again attack plaintiff. Plaintiff also alleges that some prison officials at HDSP previously worked at KVSP (and/or vice versa) and are turning a blind eye to the active threats against him.

No other pleadings have been filed by plaintiff. In order to commence a civil rights action, plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil

1 Procedure, and he must either pay the filing fee or obtain leave to proceed in forma pauperis.[1]
2 See 28 U.S.C. §§ 1914(a), 1915(a). This court cannot issue any orders granting or denying relief
3 until an action has been properly commenced.

4     Moreover, plaintiff is informed that this court has no authority to direct CDCR to transfer
5 a prisoner from one institution to another. It is well established that prisoners have no federal
6 constitutional right to be housed in or transferred to a specific prison. See Moody v. Daggett, 429
7 U.S. 78, 88 n.9 (1976) and cases cited therein. Nor do prisoners have an enforceable right to be
8 accorded a particular classification status or assigned to a particular prison program. Id.; accord,
9 Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).

10     For these reasons, plaintiff's motion must be denied without prejudice. Plaintiff will be
11 provided the opportunity to file a complaint and to submit an application for leave to proceed in
12 forma pauperis or pay the appropriate filing fee.

13     In addition, due to the seriousness of plaintiff's allegations that he faces an imminent
14 threat, courtesy copies of this order and plaintiff's initial filing will be served on counsel with the
15 California Department of Justice.[2]

16     Accordingly, IT IS HEREBY ORDERED that:

17     1. Plaintiff's October 26, 2020, motion for injunctive relief, ECF No. 1, is denied without
18 prejudice.

19     2. Plaintiff is granted thirty (30) days after service of this order to file a complaint that
20 complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and
21 the Local Rules of Court; the complaint must bear the docket number assigned this case. Plaintiff
22 shall also submit, within thirty (30) days from the date of this order, an application to proceed in
23 ////
24 ////

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments over time.

[2] The court trusts that an appropriate inquiry into petitioner's safety concerns will be undertaken by the appropriate DOJ personnel. The court issues no orders regarding what measures are appropriate.

1  forma pauperis on the form provided by the Clerk of Court, or pay the filing fee in the amount of
2  $400.00.[3]

3      3. Plaintiff's failure to comply with this order will result in a recommendation that this
4  matter be dismissed.

5      4. The Clerk of the Court is directed to send plaintiff, together with a copy of this order,
6  the court's form for filing a prisoner civil rights action, and an application to proceed in forma
7  pauperis by a prisoner.

8      5. The Clerk of the Court is also directed to serve courtesy copies of this order and
9  plaintiff's October 26, 2020 filing (ECF No. 1) on Supervising Deputy Attorney General Monica
10 Anderson.

11 DATED: November 3, 2020

12 _____
   ALLISON CLAIRE
13 UNITED STATES MAGISTRATE JUDGE

---

[3] The $400.00 is comprised of the $350.00 filing fee and a $50.00 administrative fee. If plaintiff is granted leave to proceed in forma pauperis, plaintiff is not required to pay the $50.00 administrative fee.

3